NOS.
12-09-00285-CR

     
12-09-00286-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CITERIKA SHAY CALDWELL,                      '           APPEAL FROM THE 7TH

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'        SMITH COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

PER CURIAM

Citerika
Shay Caldwell appeals her convictions for burglary of a habitation and credit
card or debit card abuse.  Appellant’s
counsel has filed a brief asserting compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

  

Background

Appellant
pleaded guilty to the offenses of burglary of a habitation and credit card or
debit card abuse.[1]  As charged, the burglary
offense was a second degree felony, and the credit card or debit card abuse
offense was a state jail felony.  Appellant entered into a plea agreement with
the State in which she received a sentence of ten years of imprisonment for the
burglary offense and two years of confinement in a state jail for the credit
card case.  Pursuant to the agreement, those sentences would be suspended, and
Appellant would be placed on community supervision. 

The trial
court accepted the plea agreement and sentenced Appellant on November 19,
2008.  On July 2, 2009, the State filed a motion alleging that Appellant had
failed to adhere to the conditions of her community supervision and asking the
trial court to revoke her suspended sentence.  The trial court held a hearing
on the State’s motion.  The State abandoned three of the allegations in each of
the petitions.  Appellant pleaded true to the remaining allegations in the
State’s motion including the allegations that she failed to pay various fees, associated
with a felon, left the county, and consumed a controlled substance.  The trial
court found those allegations to be true, revoked the previously suspended
sentence, and sentenced Appellant to imprisonment for eight years on the
burglary charge and confinement for fifteen months on the credit card charge. 
This appeal followed.  

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel=s brief presents a thorough chronological summary of
the procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.  See Anders, 386 U.S. at
745, 87 S. Ct. at 1400; see also Penson v. Ohio, 488 U.S. 75, 80,
109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).  We have likewise reviewed the
record for reversible error and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408B09 (“After the completion of
these four steps, the court of appeals will either agree that the appeal is
wholly frivolous, grant the attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review.  See In re Schulman, 252 S.W.3d at 408 n.22.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered July 21, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1]
See Tex. Penal Code Ann. §§
30.02(c)(2), 32.31(d) (Vernon 2003 & Supp. 2009).